**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| PROPERTY-OWNERS INSURANCE COMPANY, as subrogee of Hugh Johnson,<br><br>Plaintiff,<br><br>v.<br><br>M-B COMPANIES INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 1:26-cv-00176 |

**M-B COMPANIES INC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO <u>PLAINTIFF'S COMPLAINT AND RELIANCE ON JURY DEMAND</u>**

Defendant, M-B Companies Inc. ("M-B Companies"), by counsel, hereby submits its Amended Answer and Affirmative Defenses to Plaintiff's Complaint in conformance with Local Rule 10-1 as follows:

## <u>PARTIES, JURISDICTION, AND VENUE</u>

1. Property-Owners is an Indiana domestic stock, property, and casualty insurance company with a principal place of business at 6101 Anacapri Boulevard, Lansing, MI 48917.

**Answer:** M-B Companies neither admits nor denies the allegation in Paragraph 1 of Plaintiff's Complaint because it is without sufficient information to form a belief about the truth of them.

2. Upon information and belief, M-B is a Wisconsin corporation authorized to do business in Indiana with a registered agent of Urs Agents, LLC at 150 W. Market Street, Suite 400, Indianapolis, IN, 46204, USA.

**Answer:** M-B Companies admits that it is a Wisconsin corporation authorized to do business throughout the United States, including in the State of Indiana, with a registered agent of

URS Agents, Inc. of Maryland, 245 W. Chase Street, Baltimore, MD 21201. M-B Companies denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. This lawsuit arises out of a fire loss that occurred at 5120 Willow Bluff Trail, Huntertown, IN 46798.

**Answer:** M-B Companies neither admits nor denies the allegations in Paragraph 3 of Plaintiff's Complaint as it is without information and knowledge sufficient to form a belief as to the allegations.

4. This Court has jurisdiction over the parties (general or long-arm).

**Answer:** Paragraph 4 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that any response is required, M-B Companies denies the allegations pertaining to it.

5. This Court has subject matter jurisdiction over this dispute.

**Answer:** Paragraph 5 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that any response is required, M-B Companies denies the allegations pertaining to it.

6. Venue is proper and preferred in this Court under Trial Rule 75(A)(2).

**Answer:** Paragraph 6 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that any response is required, M-B Companies denies the allegations pertaining to it.

## GENERAL ALLEGATIONS

7. Hugh Johnson's home, located at 5120 Willow Bluff Trail, Huntertown, IN 46798, suffered extensive damage as a result of a fire on February 27, 2025.

**Answer:** M-B Companies neither admits nor denies the allegations in Paragraph 7 of Plaintiff's Complaint as it is without information and knowledge sufficient to form a belief as to the allegations.

8. Property-Owners insured the dwelling with a homeowners' insurance policy.

**Answer:** M-B Companies neither admits nor denies the allegations in Paragraph 8 of Plaintiff's Complaint as it is without information and knowledge sufficient to form a belief as to the allegations.

9. Investigations conducted by a third party concluded that the origin and cause of the fire was from a failed relay from a snow plow blade attachemnt [*sic*] manufactured by M-B.

**Answer:** M-B Companies neither admits nor denies the allegations in Paragraph 9 of Plaintiff's Complaint as it is without information and knowledge sufficient to form a belief as to the allegations.

10. Hugh Johnson tendered an insurance claim, and Property-Owners honored some or all of the claim, paying $275,839.01.

**Answer:** M-B Companies neither admits nor denies the allegations in Paragraph 10 of Plaintiff's Complaint as it is without information and knowledge sufficient to form a belief as to the allegations.

11. Having paid the claim, Property-Owners is subrogated to the insured's rights.

**Answer:** M-B Companies neither admits nor denies the allegations in Paragraph 11 of Plaintiff's Complaint as it is without information and knowledge sufficient to form a belief as to the allegations.

## COUNT ONE: NEGLIGENCE

12. Property-Owners incorporates the preceding paragraphs as if fully set forth herein.

**Answer:** M-B Companies neither admits nor denies the allegations in Paragraph 12 of Plaintiff's Complaint because they do not pertain to M-B Companies.

13. The fire and resulting damages were caused by the negligence, carelessness, and/or negligent omissions of M-B, through its servants and/or employees, acting within their scope of employment, in the manufacturing and design of its snow plow lawn mower attachment.

**Answer:** M-B Companies denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. The attachment should not have had a manufacturing defect.

**Answer:** M-B Companies denies the existence of a defect and further denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. As a result, Property-Owners sustained substantial damage and financial loss.

**Answer:** M-B Companies denies the allegations in Paragraph 15 of Plaintiff's Complaint.

WHEREFORE, Defendant M-B Companies respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in M-B Companies' favor and award it costs of this action, attorney fees, interest and all other relief the Court may deem proper.

**<u>COUNT TWO: BREACH OF EXPRESS AND IMPLIED WARRANTIES - INCLUDING UCC WARRANTIES</u>**

16. Property-Owners incorporates the preceding paragraphs as if fully set forth herein.

**Answer:** M-B Companies incorporates by references its responses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth in this paragraph.

17. M-B expressly and impliedly warranted the fitness and merchantability of the attachments.

**Answer:** M-B Companies denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. The warranties (implied, express, UCC) included the warranty that their attachments would not cause a fire.

**Answer:** M-B Companies denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. The attachment did start a fire.

**Answer:** M-B Companies denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Thus, M-B breached those warranties, and M-B's breach of those warranties was the legal and proximate cause of the damages sustained by Property-Owners.

**Answer:** M-B Companies denies the allegations in Paragraph 20 of Plaintiff's Complaint.

WHEREFORE, Defendant M-B Companies respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in M-B Companies' favor and award it costs of this action, attorney fees, interest and all other relief the Court may deem proper.

## COUNT THREE: BREACH OF IMPLIED WARRANTY IN TORT

21. Property-Owners incorporates the preceding paragraphs as if fully set forth herein.

**Answer:** M-B Companies incorporates by references its responses to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth in this paragraph.

22. M-B was subject to the implied warranty in tort, under which M-B impliedly warranted the fitness and merchantability of their attachment.

**Answer:** M-B Companies denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. The implied warranty in tort included a warranty that their attachment would not start a fire when used in accordance with the manufacturer's instructions.

**Answer:** M-B Companies denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. The attachment did cause the fire when used in accordance with the manufacturer's instructions.

**Answer:** M-B Companies denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Thus, M-B breached the implied warranty in tort, and M-B's breach of those warranties was the legal and proximate cause of the damages sustained by Property-Owners.

**Answer:** M-B Companies denies the allegations in Paragraph 25 of Plaintiff's Complaint.

WHEREFORE, Defendant M-B Companies respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in M-B Companies' favor and award it costs of this action, attorney fees, interest and all other relief the Court may deem proper.

**COUNT 4: BREACH OF THE MAGNUSSON-MOSS WARRANTY ACT**

26. Property-Owners incorporates the preceding paragraphs as if fully set forth herein.

**Answer:** M-B Companies incorporates by references its responses to Paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth in this paragraph.

27. M-B is a "supplier" within the meaning of the Magnuson-Moss Warranty Act. 15 U.S.C.A. § 2301(4).

**Answer:** Paragraph 27 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent any response is required, M-B Companies denies the allegations.

28. M-B is a "warrantor" within the meaning of the Magnuson-Moss Warranty Act. 15 U.S.C.A. § 2301(5).

**Answer:** Paragraph 28 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent any response is required, M-B Companies denies the allegations.

29. Property-Owners, through its subrogor, was a "consumer" within the meaning of the Magnuson-Moss Warranty Act. 15 U.S.C.A. § 2301(3).

**Answer:** Paragraph 29 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent any response is required, M-B Companies denies the allegations.

30. The attachment manufactured by M-B was a "consumer product" within the meaning of the Magnuson-Moss Warranty Act. 15 U.S.C.A. § 2301(1).

**Answer:** Paragraph 30 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent any response is required, M-B Companies denies the allegations.

31. M-B violated the Magnuson-Moss Warranty Act by failing to replace or repair the attachment or failing to provide Plaintiff with a refund for the attachment, knowing that the attachment contained defects that could not be repaired.

**Answer:** M-B Companies denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. As a direct result of Defendant's violation of the Magnuson-Moss Warranty Act, Property-Owners has suffered damages, including costs and attorney's fees.

**Answer:** M-B Companies denies the allegations in Paragraph 32 of Plaintiff's Complaint.

WHEREFORE, Defendant M-B Companies respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in M-B Companies' favor and award it costs of this action, attorney fees, interest and all other relief the Court may deem proper.

## AFFIRMATIVE DEFENSES

M-B Companies Inc., pursuant to Federal Rule of Civil Procedure 8(C), and subject to further investigation and discovery, asserts the following defenses:

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's Complaint is insufficiently pleaded with respect to the requirements for sustaining a claim under Magnuson-Moss Warranty Act.

### Third Affirmative Defense

All counts of Plaintiff's Complaint which purport to assert common law negligence and breach of warranty claims fail to state claims upon which relief can be granted because Plaintiff's claims against M-B Companies arise solely from alleged harm caused by a product and, therefore, are governed exclusively and subsumed by the Indiana Product Liability Act (Ind. Code § 34-20-1-1, *et. seq.*), which does not permit breach of warranty and common law negligence claims.

### Fourth Affirmative Defense

The alleged defects in the subject snow plow lawn mower attachment, if any, do not substantially impair its use, market value, safety, or tradability.

### Fifth Affirmative Defense

The alleged damages, if any, may have been caused by misuse, abuse, unauthorized alteration or modification of, failure to maintain, or normal wear and tear on the subject snow plow lawn mower attachment.

**Sixth Affirmative Defense**

The damage and losses of the Plaintiff, if any, may have been caused in whole or in part by the acts, omissions, or other conduct of the Plaintiff or of the parties other than M-B Companies, including other parties or non-parties over whom M-B Companies had no control or legal duty to control, and accordingly, Plaintiff's Complaint should be dismissed with prejudice at Plaintiff's cost.

**Seventh Affirmative Defense**

The damages and losses alleged by the Plaintiff may have resulted from certain intervening and/or superseding causes beyond the control of M-B Companies, including the actions of the Plaintiff and/or other parties, entities, and/or non-parties, and as a direct and proximate result thereof, Plaintiff is not entitled to recover from M-B Companies and the Complaint should be dismissed with prejudice at Plaintiff's cost.

**Eighth Affirmative Defense**

Plaintiff may have failed to mitigate his damages by failing to take all reasonable care to minimize his damages and the consequences therefrom.

**Ninth Affirmative Defense**

M-B Companies has completely performed and fulfilled all of its obligations under and pursuant to the only warranty of any kind, either express or implied, written or oral, with it or anyone acting on its behalf has made with respect to the subject snow plow lawn mower attachment referred to in the Complaint. Any warranty provided to the consumer purchaser or lessee at the time of the initial retail sale or lease of the subject snow plow lawn mower attachment speaks for itself.

**Tenth Affirmative Defense**

Plaintiff's damages, if any, may have been caused by the acts or omissions of third parties or other entities, which M-B Companies has or had no control, or right of control, and for whom it is not responsible.

**Eleventh Affirmative Defense**

The damages claimed by Plaintiff is not directly and proximately related to, or caused by, any action or inaction on the part of M-B Companies and some or all of Plaintiff's damage claims are speculative and not reasonably certain and are not recoverable as a matter of law.

**Twelfth Affirmative Defense**

Any damages which may be recoverable by Plaintiff against M-B Companies are subject to reduction by Plaintiff's failure to mitigate damages and/or mitigation of damages, and/or off-set by any compensation Plaintiff received or could have received with reasonable diligence during this period covered by a damage award, and/or reduction/off-set for usage while Plaintiff owned the subject snow plow lawn mower attachment.

**Thirteenth Affirmative Defense**

M-B Companies affirmatively pleads that all work performed by it, or its authorized dealerships or service centers was completed in a good and workmanlike manner, and in compliance with industry standards, and as a direct and proximate result thereof, the Complaint should be dismissed with prejudice at Plaintiff's cost.

**Fourteenth Affirmative Defense**

M-B Companies asserts that Plaintiff's claim for breach of implied warranty of merchantability is barred because Plaintiff is not in privity of contract with M-B Companies and there are no express or implied warranties running from M-B Companies to Plaintiff.

**Fifteenth Affirmative Defense**

The subject snow plow lawn mower attachment referenced in the Complaint was not in a defective condition at any time when it left the possession, custody or control of M-B Companies. Further, the subject snow plow lawn mower attachment was fit for its intended use, did not contain any non-conformities or defects and complied with all applicable warranties. Accordingly, Plaintiff is not entitled to relief for breach of implied warranty of merchantability.

**Sixteenth Affirmative Defense**

M-B Companies is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by lack of good faith.

**Seventeenth Affirmative Defense**

M-B Companies complied with and satisfied all warranty obligations to the extent that it may be required to do so.

**Eighteenth Affirmative Defense**

The subject snow plow lawn mower attachment does not suffer from a nonconformity or defect which would entitle Plaintiff to recover under the Magnuson-Moss Warranty Act.

**Nineteenth Affirmative Defense**

Plaintiff cannot prove that the subject snow plow lawn mower attachment was improperly or inadequately repaired.

**Twentieth Affirmative Defense**

Plaintiff's claims against M-B Companies may be barred by the statute of limitations and/or statute of repose set forth in I.C. § 34-20-3-1(b) or limitations in any written warranty.

**Twenty-first Affirmative Defense**

Although M-B Companies expressly denies the existence of any defect or negligence on its part, if Plaintiff was aware of the alleged defect and nevertheless proceeded to make use of the subject snow plow lawn mower attachment, such use bars any recovery by Plaintiff pursuant to I.C. § 34-20-6-3.

**Twenty-second Affirmative Defense**

Plaintiff and/or plaintiff's insured knowingly assumed the risk of the injuries described in its Complaint, thereby barring their claims pursuant to the doctrine of incurred risk and assumption of risk.

**Twenty-third Affirmative Defense**

Plaintiff and/or plaintiff's insured misused the product in question and/or failed to follow the adequate warnings and instructions supplied with the product, thereby barring or reducing Plaintiff's recovery.

**Twenty-fourth Affirmative Defense**

Plaintiffs' damages were caused by abuse, neglect, negligent care, negligent or inadequate maintenance, modification, alteration, or negligent repair of the subject snow plow lawn mower attachment, thereby barring any recovery by Plaintiffs.

**Twenty-fifth Affirmative Defense**

The snow plow lawn mower attachment complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States and by the State of Indiana, and by all applicable agencies thereof when initially sold. Accordingly, M-B Companies is entitled to the benefit of the presumption that the product and its

components were not defective and that M-B Companies was not negligent as set forth in Ind. Code § 34-20-5-1.

**Twenty-sixth Affirmative Defense**

The snow plow lawn mower attachment was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, labeled, and sold. Accordingly, M-B Companies is entitled to the benefit of the presumption that the product and its components were not defective and that M-B Companies was not negligent as set forth in Ind. Code § 34-20-5-1.

**Twenty-seventh Affirmative Defense**

Plaintiff's claims are barred pursuant to I.C. § 34-20-6-3 to the extent the condition alleged to have caused Plaintiff's alleged damages was open, obvious, and known to Plaintiff and/or Plaintiff's insured.

**Twenty-eighth Affirmative Defense**

Plaintiff is barred from recovery due to spoliation of evidence.

**Twenty-ninth Affirmative Defense**

To the extent not otherwise stated, M-B Companies reserves all defenses under the Indiana Product Liability Act.

**Reservation of Rights**

M-B Companies reserves the right to submit additional affirmative defenses as discovery continues to trial.

WHEREFORE, Defendant M-B Companies respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in M-B Companies' favor

and award it costs of this action, attorney fees, interest and all other relief the Court may deem proper.

**RELIANCE UPON JURY DEMAND**

M-B Companies, Inc., relies on the Jury Demand made by Plaintiff in its Complaint and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Nicholas G. Even

Nicholas G. Even, Esq.
BOWMAN AND BROOKE LLP
101 West Big Beaver Rd., #1100
Troy, MI 48084
Ph 248.205.3300 / Fax 248.205.3399
nicholas.even@bowmanandbrooke.com

and

Kevin C. Schiferl
Jordan B. Slusher
FBT GIBBONS LLP
111 Monument Circle, Suite 4500
PO Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtgibbons.com
jslusher@fbtgibbons.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and electronically mailed to:

Matthew J. Nelson
625 Kenmoor Avenue, S.E., Suite 304
Grand Rapids, MI 49546
mnelson@vanhewpc.com
*Attorneys for Property-Owners*

By: /s/ Nicholas G. Even
Nicholas G. Even, Esq.
BOWMAN AND BROOKE LLP
101 West Big Beaver Rd., #1100
Troy, MI 48084
Ph 248.205.3300 / Fax 248.205.3399
nicholas.even@bowmanandbrooke.com

and

Kevin C. Schiferl
Jordan B. Slusher
FBT GIBBONS LLP
111 Monument Circle, Suite 4500
PO Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtgibbons.com
jslusher@fbtgibbons.com